IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY S. LACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1017−JPG |
| ) | |
| ALTON POLICE DEPT. and ) | |
| ROBERT HERTZ ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Timothy S. Lack, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on the circumstances of his arrest. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id.* at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Complaint**

On April 21, the Alton police department arrived at Plaintiff's home on 3233 Theresa St., Alton Illinois.  (Doc. 1, p. 5).  Plaintiff had a warrant on him for criminal trespass and domestic assault.  (Doc. 1, p. 5).  The police knocked two or three times.  (Doc. 1, p. 5).  Plaintiff did not answer.  (Doc. 1, p. 5).  Without warning, the police kicked in the door.  (Doc. 1, p. 5).  Plaintiff alleges that he was seated on the couch with his hands up.  (Doc. 1, p. 5).  He alleges that he had no weapons, and did not get up to flee or fight.  (Doc. 1, p. 5).  Police released a K-9 dog that attacked Plaintiff and bit his left outer calf and left inner thigh.  (Doc. 1, p. 5).  The K-9 officer then tasered Plaintiff in the chest.  (Doc. 1, p. 5).  Two or three other officers began striking Plaintiff in the face, head, neck, back, left elbow, right hand, and left ankle.  (Doc. 1, p. 5).  As a result of the assault, Plaintiff lost consciousness.  (Doc. 1, p. 5).  Plaintiff alleges multiple injuries as a result of this incident.

**Discussion**

Although it is clear that Plaintiff wishes to bring a claim alleging excessive force in violation of the Fourth Amendment, Plaintiff's Complaint must be dismissed at this time because he has not named a valid defendant. Plaintiff will be given an opportunity to amend his complaint. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

Plaintiff's first Defendant is the Alton Police Department. However, a police department is not a suable entity apart from the city which operates it. *See West By and Through Norris v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). Further, a municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff has not alleged that his arrest took place pursuant to an unconstitutional policy or custom, suggesting that there is little basis for municipality liability. In fact, Plaintiff's Complaint contains some facts that support an inference that the force may have been used in retaliation for a prior call to Plaintiff's house. Plaintiff should name the officers directly responsible for the use of excessive force, or if their names are unknown, Plaintiff may use a "John Doe" designation.

Plaintiff's Complaint also names Sheriff Robert Hertz in his capacity as the Madison County Sheriff. As an initial matter, public records reveal that Robert Hertz is not the current Sheriff of Madison County; John Lakin has replaced him. Plaintiff's Complaint contains no allegations against Hertz, so the Court is unable to ascertain what claims, if any, Plaintiff has

against him.  The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendant Hertz elsewhere in his Complaint, he has not adequately stated claims against him, or put him on notice of any claims that Plaintiff may have against him.

To the extent that Plaintiff is attempting to name Hertz because he believes that Hertz supervised the officers in question, the claim is also problematic.  First of all, the Alton Police Department and the Madison County Sheriff's department are two separate entities, and Plaintiff has only alleged that officers from the Alton Police Department were involved.  It is doubtful that Hertz was responsible for the officers in question.  Secondly, even if Hertz supervised the officers, there is no supervisory liability under § 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that Hertz is "personally

responsible for the deprivation of a constitutional right," *id.*, and a Defendant cannot be liable merely because he supervised a person who caused a constitutional violation. For this reason, Defendant Hertz will be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint (Doc. #1) is **DISMISSED** without prejudice. **DEFENDANT** Alton Police Department is **DISMISSED with prejudice**. Defendant Robert Hertz is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support an excessive force claim and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 28 days of the entry of this order (on or before **November 29, 2016**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: November 1, 2016**

                                                      s/J. Phil Gilbert
                                                      **U.S. District Judge**