IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY S. LACK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16−cv−1017−JPG |
| | ) |
| **JOEL C. BROMAGHIM,** | ) |
| **MICHAEL BEABER,** | ) |
| **BRIAN BRENNER,** | ) |
| **STEPHEN JANUARY,** | ) |
| and **STEVEN BOSAW,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Timothy Lack, a former inmate of Danville Correctional Center now on parole, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Amended Complaint (Doc. 9), Plaintiff claims he was subjected to excessive force during his arrest. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to allow this action to proceed past the threshold stage.

## The Complaint

In his Amended Complaint (Doc. 9), Plaintiff makes the following allegations:  on April 21, 2016, officers Bromaghim, Beaber, Brenner, January, and Bosaw from the Alton Police Department came to Plaintiff's home with a warrant for Plaintiff's arrest.  (Doc. 9, pp. 6, 8). When they arrived, they kicked Plaintiff's door in without warning after knocking two to three times. (Doc. 1, p. 6).  Plaintiff was seated with his hands up when they entered.  *Id.*  At this time, the defendants released a K-9 dog that attacked Plaintiff while he was sitting.  *Id.*  Specifically, the dog bit Plaintiff's left outer calf and left inner thigh close to his privates and attached to him. *Id.*  Plaintiff has many scars from the attack.  *Id.*  Plaintiff was then tazed in the chest.  *Id.*  After that, several officers struck Plaintiff in the face, head, neck, and back and kicked him, stomping on his left elbow, right hand, and left ankle.  *Id.*  At one point, given the level of violence inflicted on Plaintiff, Plaintiff lost consciousness briefly.  *Id.*

Plaintiff had no guns or drugs to explain the level of force that was used, nor did he try to

run from or fight the officers. *Id.* Plaintiff still suffers from left eye issues as well as bad pain in his left elbow and hand. (Doc. 9, p. 7). His right collar bone area and neck have also been in pain. *Id.* Plaintiff believes defendants cracked numerous bones in the alleged altercation. *Id.* Plaintiff has experienced numbness in his upper legs from his knees to his hips and in his lower back, along with pain. *Id.* Plaintiff has also had black out spells, dizziness, headaches, and "lazy eye feelings." *Id.* These effects were particularly bad from the date of the incident until the end of June, but Plaintiff claims he still has issues with his legs, back, eye, elbow, hand, neck, and collar bone. *Id.* Plaintiff received care at Alton Memorial Hospital, but Plaintiff does not believe his injuries were fully resolved. *Id.*

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to designate a single count in this action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** On April 21, 2016, defendants violated the Fourth Amendment when they used and/or failed to intervene to prevent excessive force used against Plaintiff when a K-9 unit was released to subdue him, he was tazed, and several defendants beat him in conjunction with his arrest.

Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a Court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the officers' response will be based upon the information the officers had at

3

the time of the arrest. *See Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, and Plaintiff's claims that he did not resist nor attempt to evade arrest and took an otherwise non-threatening stance when the officers broke in, Plaintiff's claims of excessive force during his arrest cannot be dismissed at this time.

For any defendants that perhaps did not individually participate in the alleged violence against Plaintiff, this case may still properly proceed against them for failure to intervene. In some circumstances, a law enforcement officer has a duty to intervene to prevent the use of excessive force by another. *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). The officer must (1) be informed of the facts that establish a constitutional violation and (2) have the ability to prevent the violation from occurring. *Id.* Any defendant officer that was present during Plaintiff's arrest, even if he abstained from the violence, would have conceivably seen the force being used against Plaintiff and would have had the opportunity to prevent it. Any such defendant could therefore still be held liable for failure to intervene.

## Pending Motions

Plaintiff has filed a Motion to Appoint Counsel (Doc. 10), which is hereby **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **BROMAGHIM, BEABER**, **BRENNER**, **JANUARY**, and **BOSAW.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **BROMAGHIM, BEABER**, **BRENNER**, **JANUARY**, and **BOSAW**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint,

and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 10). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: March 14, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
